# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 19-50813 |
| | ) | |
| ACTUAL BREWING COMPANY, LLC | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Caldwell |
| | ) | |

## MOTION OF UNITED STATES TRUSTEE TO CONVERT OR DISMISS CASE AND MEMORANDUM IN SUPPORT

The Office of the United States Trustee ("U.S. Trustee") hereby moves this court for an order converting the above entitled Chapter 11 case to Chapter 7 1or in the alternative to dismiss, under 11 U.S.C. § 1112(b), Federal Rules of Bankruptcy Procedure 1007, and Local Bankruptcy Rules 1007−1, 1007−2, 1015−2, and 1074−1, because Debtor failed to file Schedules, a Statement of Financial Affairs, a Summary of Certain Liabilities, LBR Form 1015-2, and other bankruptcy documents as required by 11 U.S.C. § 521(a)(1). Other reasons for conversion or dismissal may also exist; however, because Debtor failed to timely file Schedules or Statements a determination as to these matters cannot be made given the lack of information available. In support of this Motion, the U.S. Trustee submits a Memorandum in Support.

Dated: March 8, 2019

DANIEL M. MCDERMOTT
UNITED STATES TRUSTEE FOR REGION 9

By: /s/ Matthew J. McDonald III
Matthew J. McDonald III (0095485)
Attorney for the United States Trustee
170 North High Street, Suite 200
Columbus, OH 43215
Telephone: (614) 469-7411 ext. 205
Facsimile: (614) 469-7448
E-mail: Matthew.J.McDonald@usdoj.gov

## MEMORANDUM IN SUPPORT

### INTRODUCTION

The United States Trustee's request for conversion or dismissal of this Chapter 11 case is made pursuant to the supervisory duties of the United States Trustee as set forth in 28 U.S.C. § 586(a)(3), and the Court's authority to convert or dismiss a Chapter 11 case for "cause" under 11 U.S.C. § 1112(b),[1] because Debtor is delinquent in filing mandated Schedules, Statements, and other important bankruptcy documents.

### SUMMARY OF FACTS

This case was filed on February 14, 2019, as a skeletal Petition. To date Debtor failed to file Schedules, a Statement of Financial Affairs, a Summary of Certain Liabilities, LBR Form 1015-2, and other bankruptcy documents as required by 11 U.S.C. § 521. The Court entered an Order Regarding Deficient Filing by Chapter 11 Non-Individual Debtor and Setting Fourteen (14) Day Deadline for Compliance on February 15, 2019 (Doc. No. 6-1), detailing exactly which documents were missing. The Following deficiencies were set forth as being due within fourteen days of the date of filing or February 28. 2019:

1. Schedules of Assets and Liabilities − All (Official Forms 206A/B, 206D, 206E/F, 206G, and 206H)
2. Schedule A/B − Assets − Real and Personal Property (Official Form 206A/B)
3. Schedule D − Creditors Who Have Claims Secured by Property (Official Form 206D)
4. Schedule E/F − Creditors Who Have Unsecured Claims (Official Form 206E/F)
5. Schedule G − Executory Contracts and Unexpired Leases (Official Forms 206G)
6. Schedule H − Codebtors (Official Form 206H)
7. Statement of Financial Affairs for Non− Individuals Filing for Bankruptcy (Official Form 207)

---

[1] 11 U.S.C. § 1112(b)(1) states in part as follows:

On request of a party in interest, and after notice and hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

8. Summary of Assets and Liabilities and Certain Statistical Information (Official Form 206Sum)

9. Declaration Under Penalty of Perjury for Non−Individual Debtors (Official Form 202)

10. Statement of Related Cases (Local Bankruptcy Rule Form 1015−2)

11. Corporate Resolution (Local Bankruptcy Rule 1074−1(b))

12. 20 Largest Unsecured Creditors (filed on 2/19/2019, Doc. No. 12); and

13. Verification of Mailing Matrix (filed on 2/19/2019, Doc No. 11) (Local Bankruptcy Rule 1007−2).

The deadlines set forth in the Court's Notice came and went with only two documents filed (Doc. Nos. 11 & 12), and no request for additional time to file such documents was filed.

The Initial Debtor Interview is scheduled for on March 13, 2019. The Meeting of Creditors is scheduled for March 26, 2019, and the Court scheduled an in-person Status Conference for the same day (Doc. Nos. 2 & 5).

## CAUSE EXISTS TO CONVERT OR DISMISS THIS CASE

In order to avoid abuse, 11 U.S.C. § 1112(b)(1) permits a bankruptcy court to dismiss or convert a case for "cause" when it is in the best interests of creditors and the estate. For purposes of § 1112(b)(4), the term "cause" includes –

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
***

(E) failure to comply with an order of the court;

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
***

(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
***

(K) failure to pay any fees or charges required under chapter 123 of title 28;
***

(M) inability to effectuate substantial consummation of a confirmed plan[.][2]

---

[2] 11 U.S.C. § 1112(b)(4) enumerates sixteen situations, any one of which may be sufficient for a Debtor to justify dismissal of the case. The list enumerated in § 1112(b)(4) is not exclusive.

3

Chapter 11 debtors must file all required financial reports and comply with the other requirements of the Bankruptcy Code and the U.S. Trustee.[3] The failure of a debtor to timely file required documents, provide information to the U.S. Trustee, or comply with the reporting requirements of the U.S. Trustee is sufficient "cause" to dismiss or convert a bankruptcy proceeding because such failure constitutes a violation of a debtor's fiduciary duties under 11 U.S.C. § 1112(b).[4]

The most basic of requirements of all debtors is the mandate to file, *inter alia*, a schedule of debtor's assets and liabilities and a statement of financial affairs.[5] Because this information is obviously vital to the evaluation of a debtor's case, these schedules must be filed with the petition unless the petition is accompanied by a list of all debtor's creditors and their addresses, in which case the schedules must be filed no later than 14 days after the date of the filing of the petition, and extensions are only granted "for cause shown."[6]

The 14-day time limit imposed by Bankruptcy Rule 1007(c) is mandatory. The purpose for such a deadline is obvious: until the schedules are filed, "creditors have no basis to come to grips with the case."[7] "The Bankruptcy Rules are designed to require debtors to prosecute their cases diligently as the price for holding creditors at bay through the automatic stay and for the other protections provided debtors in the Bankruptcy Code."[8]

---

[3] *See In re Trident Associates Ltd. Partnership*, 52 F.3d 127, 132 (6th Cir 1995) (case can be dismissed for bad faith); *In re Rigden*, 795 F.2d 727 (9th Cir. 1986)(debtors are fiduciaries of the bankruptcy estate who cannot engage in conduct prejudicial to those whose interests they are required by law to protect).

[4] *See*, e.g., *In re Johnston*, 149 Bankr. 158, 161 (Bankr. 9th Cir. 1992) (sufficient grounds for dismissal or conversion of a case is the erosion of the position of the creditors and the fact that creditors were not likely to be satisfied if the case remained in Chapter11); *In re 3868-70 White Plains Road, Inc.*, 28 B.R. 515, 519 (Bankr. S.D.N.Y. 1983)(debtor's failure to submit U.S. Trustee compliance is bad faith); *In re Cohoes Indus. Terminal, Inc.*, 65 B.R. 918, 921 (Bankr. S.D.N.Y. 1986); *In re Pappas*, 17 B.R. 662 (Bankr. D. Mass. 1982).

[5] *See* 11 U.S.C. § 521(a)(1), Fed. R. Bankr. P. 1007, and/or Local Bankruptcy Rules 1007, 1015, and 5005−4 for them to be filed timely.

[6] Fed. R. Bankr. P. 1007(c).

[7] *In re Greene,* 127 B.R. 805, 806 (Bankr. N.D. Ohio 1991).

[8] *Id.*

Currently, Debtor is protected under the umbrella of bankruptcy without filing any of the required Schedules, a Statement of Financial Affairs, and other bankruptcy documents as required by 11 U.S.C. § 521. As such, cause exits for converting or dismissing this case under 11 U.S.C. § 1112(b)(4)(F). This Court must not tolerate Debtor's failure to abide by the mandatory requirements of the Code. Accordingly, this case must be converted to Chapter 7 or dismissed even if Debtor files the required documents after this motion is filed.[9]

On February 20, 2019, Debtor filed a 2018 Balance Sheet dated April 18, 2018, which revealed Debtor's assets had an approximate value of $175,000 at that time (Doc. No. 13). Additionally, Debtor made improvements to a property in the months leading up to filing for bankruptcy to open a stand-alone restaurant (Doc. No. 19). Therefore, conversion of the case is in the best interest of creditors and the estate so that a trustee can be appointed to liquidate such assets for the benefit of creditors.

In summary, Debtor cannot be permitted to enjoy the benefits of bankruptcy protection without complying with the requirements of the Bankruptcy laws or the U.S. Trustee's Guidelines. "Neither the court nor creditors should have to coerce or implore a debtor into fulfilling the obligations imposed upon it."[10] Remaining in Chapter 11 is a privilege which carries with it concomitant responsibilities which include timely compliance. Therefore, this case must be converted to Chapter 7.

## CONCLUSION

The United States Trustee has demonstrated that sufficient cause exits to covert this case under 11 U.S.C. § 1112(b). Debtor is enjoying the benefits of bankruptcy protection without complying with the requirements of the Bankruptcy Code. Accordingly, this case should be converted, or in the alternative, dismissed. If the case is converted or dismissed, a judgment should be entered for the amount of unpaid U.S. Trustee Quarterly Fees.

---

[9] *In re Greene,* 127 B.R. at 806 (court dismissed case despite debtors filing their schedules prior to show cause hearing).

[10] *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ill. 1991).

WHEREFORE, based upon the above, the United States Trustee respectfully requests that this court grant the United States Trustee's Motion and convert this case to Chapter 7; or in the alternative, dismiss this case; grant judgment in favor of the United States Trustee for any unpaid quarterly fees; and order such other and further relief as it deems appropriate under the circumstances.

Dated: March 8, 2019							DANIEL M. MCDERMOTT
									UNITED STATES TRUSTEE FOR REGION 9

							By:	Matthew J. McDonald III
								Matthew J. McDonald III (0095485)
								Attorney for the United States Trustee
								170 North High Street, Suite 200
								Columbus, OH 43215
								Telephone:  (614) 469-7411 ext. 205
								Facsimile:  (614) 469-7448
								E-mail:  Matthew.J.McDonald@usdoj.gov

# **CERTIFICATE OF SERVICE**

      I hereby certify that on or about March 8, 2019, a copy of the foregoing MOTION OF UNITED STATES TRUSTEE TO CONVERT OR DISMISS CASE AND MEMORANDUM IN SUPPORT was served (i) electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) on the following by ordinary U.S. Mail addressed to:

Actual Brewing Company, LLC
655 James Road
Columbus, OH 43219

Mark Kenneth Stansbury
Stansbury Weaver Ltd.
250 East Broad Street, Suite 250
Columbus, OH 43215

Alcohol & Tobacco Tax & Trade Bureau
Daniel Peralta
Senior Counsel (Field Operations)
1301 Clay Street, Suite 650N
Oakland, CA 94612

All parties on the attached mailing matrix.

                                                /s/ Matthew J. McDonald III
                                                Matthew J. McDonald III

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0648-2<br>Case 2:19-bk-50813<br>Southern District of Ohio<br>Columbus<br>Fri Mar  8 16:10:27 EST 2019 | Actual Brewing Company, LLC<br>655 James Road<br>Columbus, OH 43219-1837 | Alcohol & Tobacco Tax & Trade Bureau<br>Daniel Peralta<br>Senior Counsel (Field Operations)<br>1301 Clay Street, Suite 650N<br>Oakland, CA 94612-5251 |
| 3B Mechanical<br>40404 East Main St.<br>Whitehall, OH 43213 | ASBC Headquarters<br>3340 Pilot Knob Rd.<br>St. Paul, MN 55121-2055 | Airport Plaza Limited<br>3016 Maryland Ave.<br>Columbus, OH 43209-1590 |
| Asst US Trustee (Col)<br>Office of the US Trustee<br>170 North High Street<br>Suite 200<br>Columbus, OH 43215-2417 | Beau Hoy<br>1859 West 1st Ave.<br>Columbus, OH 43212-3219 | Blue Label Digital Printing<br>3650 Lancaster New Lexington Rd. NE<br>Lancaster, OH 43130 |
| Brennan Equipment<br>6940 Hall St.<br>Holland, OH 43528-9485 | Cintas<br>1300 Boltonfield St.<br>Columbus, OH 43228-3696 | (p)CITY OF COLUMBUS<br>ATTN DEPARTMENT OF PUBLIC UTILITIES<br>910 DUBLIN RD<br>4TH FLOOR<br>COLUMBUS OH 43215-1169 |
| City of Columbus Income Tax Division<br>77 N. Front St.<br>2nd Floor<br>Columbus, OH 43215-1895 | (p)COLUMBIA GAS<br>290 W NATIONWIDE BLVD 5TH FL<br>BANKRUPTCY DEPARTMENT<br>COLUMBUS OH 43215-4157 | Containerlogic<br>950 Dorman St.<br>Indianapolis, IN 46202-3544 |
| Dpt. of Treasury, IRS<br>Stop P-4 5000<br>Kanas City, MO 64999-0250 | EBP 2800 North High LLC<br>3016 Maryland Ave.<br>Columbus, OH 43209-1590 | Geer Gas<br>1360 McKinley Ave.<br>Columbus, OH 43222-1117 |
| Iron Heart Canning<br>7508 E. Ridge Rd.<br>Elyria, OH 44035 | Jason Finesteine<br>1203 Lake Shore Dr.<br>Columbus, OH 43204-4872 | John Dilley<br>5890 Kingham Park<br>Dublin, Ohio 43017-3648 |
| Joseph Gilani<br>959 Heritage St.<br>Blacklick, OH 43004-6060 | Keg Logistics Headquarters<br>9110 E. Nichols Ave.<br>Suite 105<br>Centennial, CO 80112-3450 | Kyle Andrews<br>4582 Carriage Hill Ln.<br>Columbus, OH 43220-3802 |
| Mike Murphy<br>5340 Erin Isles Ct.<br>Dublin, OH 43017-1005 | Ohio Dpt. of Job and Family Svcs<br>475 Western Ave.<br>Chillicothe, OH 45601-2286 | Praxair Distribution, Inc.<br>450 Greenlawn Ave.<br>Columbus, OH 43223-2611 |
| Rex Riggs<br>6233 Storm Haven Court<br>Lewis Center, OH 43035-9370 | Sales and Use, Ohio Dpt. of Taxation<br>PO Box 2678<br>Columbus, OH 43216-2678 | Simero Roofing Systems<br>320 London Rd.<br>Delaware, OH 43015-6406 |

| | | |
|---|---|---|
| TLC Legacy Ltd.<br>2401 Creek Rd.<br>Sunbury, OH 43074-8378 | Tuffy Auto Repair<br>115 N. Hamilton Rd.<br>Gahanna, OH 43230-2601 | Uprising Meadworks<br>687 N. James Rd.<br>Airport Plaza Bld. 2<br>Columbus, OH 43219-1837 |
| Utility Recovery Systems<br>111 N. Front St.<br>Columbus, OH 43215-2874 | Mark Kenneth Stansbury<br>Stansbury Weaver Ltd.<br>250 East Broad Street<br>Suite 250<br>Columbus, OH 43215-3778 | Nicholas McCracken<br>c/o Richard K. Stovall<br>Allen Stovall Neuman Fisher & Ashton LLP<br>17 South High Street, Suite 1220<br>Columbus, OH 43215-3441 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| City of Columbus<br>Department of Public Utilities<br>910 Dublin Rd, 4th Flr<br>Columbus, OH 43215 | Columbia Gas of Ohio, Inc.<br>Box 742510<br>Cincinnati, OH 45274 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Airport Plaza, Ltd. | (u)EBP 2800 North High LLC | (u)Creditor Matrix<br>2:19-bk-50813 |

End of Label Matrix
Mailable recipients    35
Bypassed recipients     3
Total                  38