# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | : | |
| | : | |
| Actual Brewing Company, LLC | : | Case No.: 19-50813 |
| | : | Chapter: 7 |
| Debtor. | : | Judge: Charles M. Caldwell |
| | : | |

### MOTION OF CLYDE HARDESTY, TRUSTEE FOR ORDER SETTING HEARING TO EXAMINE TRANSACTIONS BETWEEN DEBTOR AND MARK KENNETH STANSBURY

Pursuant to 11 U.S.C. §329, Bankruptcy Rule 2014, Bankruptcy Rules 2016 and 2017, Clyde Hardesty, Trustee, moves the Court to enter an order requiring Mark Kenneth Stansbury to appear and provide information so the Court may determine whether any payment of money or transfer of property by the Debtor in contemplation of this case was excessive, and for an order requiring disgorgement of any payments found to be excessive, and for such other or further relief to which Trustee may be entitled.

Trustee attaches a Memorandum in Support of this motion.

/s/Larry J. McClatchey
Larry J. McClatchey    (0012191)
Kegler, Brown, Hill + Ritter
65 East State Street, Suite 1800
Columbus, Ohio 43215
Telephone: (614)462-5400
Facsimile:  (614)464-2634
lmcclatchey@keglerbrown.com
*Attorneys for Trustee*

**Memorandum in Support**

1.  This case was initiated by a voluntary petition filed February 14, 2019 ("Petition Date").

2.  Mark Kenneth Stansbury, Stansbury Weaver Ltd., 250 East Broad Street, Suite 250, Columbus, Ohio 43215, appeared as counsel for Actual Brewing Company, LLC ("Debtor").

3.  Stansbury did not file a *Disclosure of Compensation* statement as required under Bankruptcy Rule 2016(b).

4.  The Clerk gave a *Notice of Deficient Filing and Order Setting Deadline* on February 15, 2019. Among other deficiencies, the Clerk noted that the attorney disclosure statement had not been filed. Stansbury was ordered to file it by February 28, 2019but he failed to do so.

5.  Stansbury prepared and filed several motions seeking expedited relief for the Debtor and he filed Debtor's *Statements and Schedules* [Doc. #43] on March 8, 2019.

6.  Upon information and belief, Trustee alleges that Stansbury is or was an equity owner in Debtor as of the Petition Date. Debtor has not filed a list of names and addresses of Debtor's equity security holders as required by Bankruptcy Rule 1007(a)(3) from which the nature and extent of his equity interest, if any, could be determined.

7.  Upon information and belief, Trustee alleges that Debtor made various payments to Stansbury in an amount of at least $20,000.00 within one year before the Petition Date. However, Debtor has disclosed no payments related to bankruptcy in its *Statement of Financial Affairs* [Doc. #43-7, p.5].

8. On March 12, 2019, the Court entered an order requiring Debtor to file an application for retention of counsel by March 22, 2019 [Doc. #48]. Debtor did not comply with this order.

9. Trustee is informed and believes that Stansbury had $20,000.00 in the Stansbury Weaver, Ltd. IOLTA account ("IOLTA") as of December 31, 2018.

10. Trustee is informed and believes that Stansbury drew two checks on February 13, 019, each in the amount of $5,000.00, from funds in the IOLTA account that Stansbury applied to unpaid invoices for legal services. Upon Trustee's demand, Stansbury turned over $8,283.00 that remained in the IOLTA as of the Petition Date.

11. Stansbury has failed to comply with Trustee's request for invoices or billing records to substantiate the payment of $10,000.00 that he received February 13, 2019.

## Legal Argument

The transactions between a Debtor and its attorneys is governed, in part, by the provisions of 11 U.S.C. §329(a), which requires any attorney representing a Debtor "whether or not such attorney applies for compensation" to file a statement of compensation paid or agreed to be paid for services rendered or to be rendered in contemplation of or in connection with the case, *See, also,* Bankruptcy Rule 2016(b) [statement of compensation due within 14 days after a petition date].

In addition, Bankruptcy Rule 2017(a) provides as follows:

> (a) ***Payment or transfer to an attorney before order for relief***. On motion by any party in interest or on the court's own initiative, the Court after notice and a hearing may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code by or against the debtor or before entry of the order for relief in an involuntary case, to an attorney for services rendered or to be rendered is excessive.

3

The record indicates a number of lapses in Debtor's filing of required statements, most notably those relating to disclosure of attorney compensation and identification of equity security holders. Mr. Stansbury disclosed to Trustee that he had $20,000 in his IOLTA and he did turn over the remaining balance after the Petition Date. However, he has not provided information to the Trustee from which a determination can be made of what fees he claims to have earned as of the Petition Date, and how he applied $10,000.00 that he retained. Trustee has a duty to investigate Debtor's financial affairs to determine, among other things, whether the Debtor made transfers that Trustee might be able to avoid. Had Debtor filed the omitted lists and schedules, Trustee may have been able to resolve these matters without intervention by the Court. Debtor and its counsel is not relieved of these filing obligations because it consented to conversion of the case to a case under chapter 7 of the Bankruptcy Code.

WHEREFORE, Trustee requests that Stansbury be ordered to appear and explain pre-petition payments and transfers made to him by Debtor. The Court should further determine whether the amounts charged for services were excessive and order Stansbury to return any excessive amounts. Further, the Court should determine whether Stansbury was qualified to serve as counsel for the debtor in possession and, if so, whether Stansbury is entitled to compensation for any services provided to Debtor after the Petition Date as an administrative expense; and grant such other or further relief to which Trustee may be entitled.

/s/Larry J. McClatchey
Larry J. McClatchey   (0012191)
Kegler, Brown, Hill + Ritter
65 East State Street, Suite 1800
Columbus, Ohio 43215
Telephone: (614)462-5400
Facsimile: (614)464-2634
lmcclatchey@keglerbrown.com
*Attorneys for Trustee*

## NOTICE AND CERTIFICATE OF SERVICE

**PLEASE TAKE NOTICE** that Clyde Hardesty filed a *Motion for Order Setting Hearing to Examine Transactions between Debtor and Mark Kenneth Stansbury.*

**Your rights may be affected**. **You should read these papers carefully and discuss them with your attorney, if you have one in this Bankruptcy case. (If you do not have an attorney, you may wish to consult one.)** If you do not want the Court to grant the relief requested, or if you want the court to consider your views on the motion or objection then on or before **twenty one (21) days from the date set forth in the certificate of service for the motion or objection** ("Response Date"), you must file with the court a response explaining your position by mailing your response by regular US Mail to the Clerk of the United States Bankruptcy Court, 170 North High Street, Columbus, Ohio 43215 OR your attorney must file a response using the court's ECF System. If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the Response Date.

You must also mail a copy of your response on or before the Response Date by 1) the Court's ECF System or 2) by regular US Mail to counsel, Larry J. McClatchey, Kegler Brown Hill + Ritter, 65 East State Street, Suite 1800, Columbus, Ohio 43215. If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Trustee's Motion for Order Setting Hearing to Examine Transactions between Debtor and Mark Kenneth Stansbury* was served on May 16, 2019 through the court's ECF System on all ECF participants registered in this case at the email addresses registered with the court and by ordinary U.S. Mail on all the following:

**SEE ATTACHED EXHIBIT A**

                                                                        /s/Larry J. McClatchey
                                                                         Larry J. McClatchey (0012191)

EXHIBIT A

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0648-2<br>Case 2:19-bk-50813<br>Southern District of Ohio<br>Columbus<br>Thu May 16 09:07:23 EDT 2019 | Actual Brewing Company, LLC<br>655 James Road<br>Columbus, OH 43219-1837 | Alcohol & Tobacco Tax & Trade Bureau<br>Daniel Peralta<br>Senior Counsel (Field Operations)<br>1301 Clay Street, Suite 650N<br>Oakland, CA 94612-5251 |
| Heartland Bank<br>c/o David A. Skrobot, Statutory Agent<br>471 E Broad St  #1810<br>Columbus, OH 43215-3863 | 3B Mechanical<br>40404 East Main St.<br>Whitehall, OH 43213 | ASBC Headquarters<br>3340 Pilot Knob Rd.<br>St. Paul, MN 55121-2055 |
| Airport Plaza Limited<br>3016 Maryland Ave.<br>Columbus, OH 43209-1590 | Asst US Trustee (Col)<br>Office of the US Trustee<br>170 North High Street<br>Suite 200<br>Columbus, OH 43215-2417 | Beau Hoy<br>1859 West 1st Ave.<br>Columbus, OH 43212-3219 |
| Blue Label Digital Printing<br>3650 Lancaster New Lexington Rd. NE<br>Lancaster, OH 43130 | Brennan Equipment<br>6940 Hall St.<br>Holland, OH 43528-9485 | Cameron Harrison<br>2564 Deming Ave.<br>Columbus, OH 43202-2416 |
| Cintas<br>1300 Boltonfield St.<br>Columbus, OH 43228-3696 | (p)CITY OF COLUMBUS<br>ATTN DEPARTMENT OF PUBLIC UTILITIES<br>910 DUBLIN RD<br>4TH FLOOR<br>COLUMBUS OH 43215-1169 | City of Columbus Income Tax Division<br>77 N. Front St.<br>2nd Floor<br>Columbus, OH 43215-1895 |
| (p)COLUMBIA GAS<br>290 W NATIONWIDE BLVD 5TH FL<br>BANKRUPTCY DEPARTMENT<br>COLUMBUS OH 43215-4157 | Containerlogic<br>950 Dorman St.<br>Indianapolis, IN 46202-3544 | Dpt. of Treasury, IRS<br>Stop P-4 5000<br>Kanas City, MO 64999-0250 |
| EBP 2800 North High LLC<br>3016 Maryland Ave.<br>Columbus, OH 43209-1590 | Emmart Y Hoy III<br>1859 W 1st Ave<br>Columbus, OH 43212-3219 | Geer Gas<br>1360 McKinley Ave.<br>Columbus, OH 43222-1117 |
| Iron Heart Canning<br>7508 E. Ridge Rd.<br>Elyria, OH 44035 | Jason Finesteine<br>1203 Lake Shore Dr.<br>Columbus, OH 43204-4872 | John Dilley<br>5890 Kingham Park<br>Dublin, Ohio 43017-3648 |
| Joseph Gilani<br>959 Heritage St.<br>Blacklick, OH 43004-6060 | Keg Logistics Headquarters<br>9110 E. Nichols Ave.<br>Suite 105<br>Centennial, CO 80112-3451 | Kyle Andrews<br>4582 Carriage Hill Ln.<br>Columbus, OH 43220-3802 |
| Mike Murphy<br>5340 Erin Isles Ct.<br>Dublin, OH 43017-1005 | Office of the United States Trustee<br>Ohio/Michigan Regional Office<br>211 West Fort Street, Suite 700<br>Detroit, Michigan 48226-3263<br>Attn: Quarterly Fee Coordinator | Ohio Dpt. of Job and Family Svcs<br>475 Western Ave.<br>Chillicothe, OH 45601-2286 |

| | | |
|---|---|---|
| Praxair Distribution, Inc.<br>450 Greenlawn Ave.<br>Columbus, OH 43223-2611 | Rex Riggs<br>6233 Storm Haven Court<br>Lewis Center, OH 43035-9370 | Sales and Use, Ohio Dpt. of Taxation<br>PO Box 2678<br>Columbus, OH 43216-2678 |
| Simero Roofing Systems<br>320 London Rd.<br>Delaware, OH 43015-6406 | TLC Legacy Ltd.<br>2401 Creek Rd.<br>Sunbury, OH 43074-8378 | Tuffy Auto Repair<br>115 N. Hamilton Rd.<br>Gahanna, OH 43230-2601 |
| Uprising Meadworks<br>687 N. James Rd.<br>Airport Plaza Bld. 2<br>Columbus, OH 43219-1837 | Utility Recovery Systems<br>111 N. Front St.<br>Columbus, OH 43215-2874 | Zachary Baaske<br>445 Rhoads Ave.<br>Columbus, OH 43205-2277 |
| Clyde Hardesty<br>PO Box 731<br>Newark, OH 43058-0731 | Mark Kenneth Stansbury<br>Stansbury Weaver Ltd.<br>250 East Broad Street<br>Suite 250<br>Columbus, OH 43215-3778 | Nicholas McCracken<br>c/o Richard K. Stovall<br>Allen Stovall Neuman Fisher & Ashton LLP<br>17 South High Street, Suite 1220<br>Columbus, OH 43215-3441 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| City of Columbus<br>Department of Public Utilities<br>910 Dublin Rd, 4th Flr<br>Columbus, OH 43215 | Columbia Gas of Ohio, Inc.<br>Box 742510<br>Cincinnati, OH 45274 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Airport Plaza, Ltd. | (u)EBP 2800 North High LLC | (u)Ohio Department of Taxation |
| (u)Creditor Matrix<br>2:19-bk-50813 | (u)Adam Sweigt | (u)Carol Knoblauch |
| (u)Cary Tessar | (u)Elizabeth Foster | (u)Elizabeth Seitz |

(u)Jack Plumley  Case 2:19-bk-50813    Doc 87    Filed 05/16/19    Entered 05/16/19 09:42:24    Desc Main
(u)Robert Snyder  (u)Ron Phitayakorn
Document      Page 8 of 8

**End of Label Matrix**
Mailable recipients    41
Bypassed recipients    12
Total                  53